## BLAISDELL v. GODZYK.

Civ. A. No. 3805.

District Court, D. Massachusetts.

Jan. 3, 1946.

David I. Elfman, of Boston, Mass., for plaintiff.

Dimitry Romanow, of Boston, Mass., for defendant.

WYZANSKI, District Judge.

May 29, 1945 plaintiff, a tenant, brought this action under § 205(e) of the Emergency Price Control Act, 56 Stat. 34, and under § 108(b) of the Stabilization Extension Act of 1944, 58 Stat. 640, 641, 50 U.S.C.A.Appendix § 925(e). He sought damages on account of what he alleged were weekly payments in excess of the amounts allowed under the Acts and regulations thereunder. He alleged that these payments were made by him as tenant to the defendants as landlords from May 1, 1944 to March 10, 1945, inclusive.

Defendants denied that the payments were in excess of the amounts allowed under the Acts and further alleged that so much of the cause of action as antedated May 29, 1944 was not within the one-year period allowed for suit by the aforesaid § 205(e).

When the case came on for pre-trial in December 1945 the parties agreed that the case should be heard upon a stipulation of facts and a motion for summary judgment filed by the defendants under Rule 56(b) of the Rules of Civil Procedure, 29 U.S.C.A. following section 723c.

January 2, 1945 the parties filed in this Court a stipulation of facts and the defendants filed so-called requests for rulings of law which they and the Court construe as the equivalent of a "motion for summary judgment" under Rule 56(b) of the Rules of Civil Procedure.

From the stipulation it would appear (although the Court does not now determine) that the original parties to this action regard these as being the principal facts:

1. January 2, 1943 defendants were the owners of a three-room structure located at 2 Parker Street, Wilmington, Massachusetts. The defendants were then constructing a fourth room but did not complete it until September 1, 1943.

2. January 2, 1943 the defendant Julia Godzyk filed with the Eastern Massachusetts Defense Rental Area Office of the Office of Price Administration a so-called "registration of rental dwellings" on the customary form. This statement referred to the premises as "3 finished, 1 rm. addition" at 2 Parker Street, Wilmington, Massachusetts. In paragraph 7 of the form defendant Julia Godzyk asserted that "the maximum legal rent for this dwelling unit" is $3 per week.

3. January 2, 1943 defendants leased the aforesaid premises to plaintiff at $3 per week.

4. July 17, 1943 plaintiff and defendants agreed that the rent thereafter should be $4 per week in consideration of the additional room. In accordance with that agreement plaintiff thereafter and through March 10, 1945 made payments of $4 per week.

5. June 6, 1945, after this action was brought, defendant Harry Godzyk filed with the same Defense Rental Area Office another registration statement on the customary form. This statement showed that the premises were then four rooms at 2 Parker Street, Wilmington, Massachusetts; that the newly-constructed fourth room cost $465; that in the landlord's view, the date when the premises were first rented after the change from three rooms to four rooms was "about April 29, 1944"; and that "the rent on that date" was $4 per week.

6. September 14, 1945 William F. Riley, Rent Director for the Eastern Massachusetts Defense Rental Area, issued to defendant Harry Godzyk under Docket No. D-15292 a "notice to landlord of proceedings to determine the maximum rent" concerning 2 Parker Street, Wilmington, Massachusetts. In this notice it was stated that the Director "proposed to issue an order continuing the $3 per week rent in effect until September 1, 1943 from which date the $4 per week increase should prevail.

7. September 24, 1945 Director Riley addressed to defendant Harry Godzyk an "order determining maximum rent." In this order it was recited that "effective September 1, 1943 the rent was increased to $4 per week."

8. From the stipulation nothing appears to indicate that in so far as concerns the $4 rate set by the Rent Director for the period beginning September 1, 1943 defendants acted otherwise than in good faith.

From the stipulation it would appear (although the Court does not now so determine) that plaintiff is barred from recovery of any over-payment of rent which occurred prior to May 30, 1944 and which is alleged to have been a payment in violation of the original and unamended Emergency Price Control Act. The reason for this statement is that § 205(e) of that Act, 56 Stat. 34, provides that an action premised upon an alleged over-payment of rent "shall be instituted within one year after * * * rent is paid."

From the stipulation it appears and the Court hereby concludes that with respect to so much of plaintiff's cause of action as relates to payments of rent made on or after May 30, 1944 defendants rely for their defense upon an alleged order of the Administrator of the Office of Price Administration. In short, defendants invoke the provision of § 205(d) of the Emergency Price Control Act of 1942, 56 Stat. 33, 34, 50 U.S.C.A.Appendix § 925(d), which provides that "no person shall be held liable for damages * * * on any grounds for or in respect of anything done * * * in good faith pursuant to any provision of this Act or any regulation, order, price schedule, requirement, or agreement thereunder."

That defense having been invoked, there comes into play the following further provision of § 205(d) already referred to: "In any suit or action wherein a party relies for ground of relief or defense upon this Act or any regulation, order, price schedule, requirement, or agreement thereunder, the court having jurisdiction of such suit or action shall certify such fact to the Administrator. The Administrator may intervene in any such suit or action."

Pursuant to the above-quoted provision of law, the Court enters the following order: The Clerk of this Court shall prepare a certificate addressed to the Administrator of the Office of Price Administration and a duplicate certificate addressed to the Rent Director for the Eastern Massachusetts Defense Rental Area, certifying the fact that in Civil Action No. 3805, George Blaisdell, Plaintiff v. Harry Godzyk and Julia Godzyk, Defendants, the defendants have raised as a defense an "order determining maximum rent" issued September 24, 1945 by Rent Director William F. Riley of the Eastern Massachusetts Defense Rental Area [his Docket No. D-15292]. The Clerk shall attach to the certificate and to the duplicate certificate a copy of this memorandum. The Clerk shall notify the Administrator that at any time prior to February 1, 1946 he may intervene in this action. The Clerk shall send the aforesaid certificate, attachment and notice by registered mail, return receipt requested.